## Commonwealth v. Schaffer, Jr.

*Robert Freedberg, Assistant District Attorney,* for Commonwealth.
*Cregg Mayrosh,* for defendant.

GRIFO, *J.,* July 23, 1975—This matter involves defendant's motion to quash the indictment on the grounds that section 6111(b) of the Uniform Firearms Act of December 6, 1972, P.L. 1068 (No. 334), sec. 6111(b), 18 Pa.C.S. §6111(b), does not apply to a sale between a private seller and buyer.
The statute in question reads as follows:

"§6111. Sale of Firearms.

"(b) Statement to be signed by purchaser. — At the time of applying for the purchase of a firearm, the purchaser shall sign in quadruplicate and deliver to the seller a statement containing his full name, address, occupation, color, place of birth, the date and hour of application, the caliber, length of barrel, make, model, and manufacturer's number of the firearm to be purchased, and a statement that he has never been convicted in this Commonwealth, or elsewhere, of a crime of violence. The seller shall, within six hours after such application, sign and attach his address and forward by registered or certified mail one copy of such statement to the chief or head of the police force or police department of the city, or the sheriff of the county of the place of business of the seller, the duplicate, duly signed by the seller, shall, within seven days, be sent by him, with his address, to the Commissioner of the Pennsylvania State Police, the triplicate he shall retain for six years, and the quadruplicate with the proper signature and address of the seller shall, within six hours after such application, be forwarded by registered or certified mail to the chief or head of the police force or police department of the city or to the sheriff of the county of which the buyer is a resident.

"(c) Exemption. — This section shall not apply to sales at wholesale."

Defendant argues that the only reasonable interpretation of this statute is that it applies only to sales between a retail seller and buyer, and not those between a private seller and buyer. Although this appears to be a case of first impression in the Commonwealth, we cannot agree with defendant's position.

Section 6111(b) provides for certain procedures to be followed by a purchaser of a firearm covered by the act. The only exclusion is contained in section 6111(c) and applies to sales at wholesale. Furthermore, using defendant's analogy to the Uniform Commercial Code, "seller" means a person who sells or contracts to sell goods: Act of April 6, 1953, P.L. 3, sec. 2-103, reenacted October 2, 1959, P.L. 1023, sec. 2, 12A PS §2-103(1)(d). Based on this definition, both retail and private sellers are encompassed in the "seller" term contained in section 6111(b).

We are also convinced that the purpose of section 6111(b) of the Uniform Firearms Act is to control and register certain types of firearms. To effectuate this purpose, the provisions of section 6111(b) must logically apply to both retail and private sales.

Wherefore, we enter the following

## ORDER

And now, July 23, 1975, defendant's motion to quash the indictment is denied and dismissed.